Good afternoon, Your Honors. May it please the Court, my name is Whitney Elliott, representing the petitioner Erasmo Martinez. If it's possible, I'd like to reserve two minutes for rebuttal. Okay. I guess just before we start, the main statutory text that's at issue in this case is at page 31 in an addendum to our opening brief. So this case involves Section 212H of the Immigration and Nationality Act, which gives an immigration judge discretion to waive certain crime-based grounds of inadmissibility if certain statutory conditions are satisfied. At the same time, the final paragraph of Section 212H contains a sentence that bars from relief a person who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if that person has an aggravated felony conviction since the date of his or her admission. You can help me with this, but it seems like, and again, I'm not sure whether or not this is a Chevron ambiguity issue or not, but your argument, if we were to accept it, would put someone who has come in, quote, illegally, close quote, fraudulently, however, in a better position than someone who hadn't perpetrated fraud in order to gain admission. And given that, how should we factor that into our analysis in trying to figure out what, whether or not the 212H waiver is precluded? Well, I guess a couple points about that. In terms of, I agree that a person who does not qualify as, who came in and did not originally qualify as a person lawfully admitted for permanent residence is not subject to the statutory bar on relief, and in that sense, is in a better position. So there is a worse position than someone who commits fraud to get in. We concede that point. One point I do want to make about that, it wasn't, it was sort of overlooked in our reply brief, but I do think it's important. And that is, Congress put a totally separate and independent ground of inadmissibility in the Immigration and Nationality Act. So committing fraud or a willful misrepresentation to gain admission is a completely separate and independent ground of inadmissibility, with a completely separate and independent waiver of inadmissibility. That is a way to seek relief from removal. So I think the way that Congress was trying to deal with those kind of fraud cases was, was dealing with it at a, with a separate provision, had a separate standard for relief. Let me back up then to Chevron. Would you agree that Chevron applies in this case, and if it does, how do you get around DIALA? We don't, well, yes, I agree, Mr. Chief Judge, in the sense that Chevron does apply to the Board's interpretations of the Immigration and Nationality Act. But what about to this particular statute, this part of the statute? Then, no, with respect, Chief Judge McKeon, we don't think Chevron applies because we think that the statutory language speaks directly to this issue. In the sense that it has, we think that it imposes two conditions. One, what we call a manner of entry condition, which is from the has previously been admitted clause, and the second, an independent immigration status condition, which is in the as an alien lawfully admitted for permanent residence clause. We, and we think the only way that Chevron could apply, Chief Judge McKee, I think is if the court were to find ambiguity in the term lawfully admitted for permanent residence, that is, if there were enough sort of Chevron play in the joints of that term. What if, what if that's not ambiguous, but when we read it in conjunction with admitted as, then it becomes ambiguous? Why shouldn't we say that it becomes ambiguous when you read the two together? Well, I think, Judge Hardiman, for a few reasons. First, I think we talked about this sort of at length in our brief. There are other provisions in federal law where Congress has used this exact grammatical structure that is admitted as, and then followed by an immigration status. In particular, in the Key Lanthan case where we discussed in our brief, there was a section of the INA that required that a person had been, quote, admitted as a non-immigrant. The board had an interpreted, that was the 1958 version of Section 245A of the Act. The board had been interpreting that provision to require substantive compliance with the immigration status in the as clause, that is, as a bona fide non-immigrant. Congress apparently was unhappy with that, and the board itself discusses this. It didn't want the board or the immigration authorities inquiring into whether there was substantive compliance with the immigration status in the as clause. And the way it expressed its, the way Congress expressed itself after deciding that it didn't want the board doing that, is that it removed the as plus immigration status clause. That is, it removed the as a bona fide non-immigrant clause. So I think Congress understood that the presence or absence of an as plus immigration clause is what drives the analysis of whether the board or the immigration authorities or a court is going to require substantive compliance with an admission. The second point I'd like to make about that, I guess, Judge Hardiman, is in the public benefit provisions that we cite, also in our opening brief, those provisions were passed essentially roughly the same time by the same Congress. And I don't think that there's any way that, you know, Congress would have intended those provisions to apply if a person did not comply with the immigration status in the as clause. Plus, and I guess... I'm sorry, Judge Jones, I don't... Why would it not be interpreted as meaning as though, or as if, he were legal when he came here? I suppose, Judge Jones, I mean, I think because it doesn't have the as though or as if, and it just says as now in lawful admittance for permanent residence. But wouldn't a logical reading allow one to, and maybe this is a sign of ambiguity, I don't know, but wouldn't a logical reading allow one to interpret it as though? I don't think so, Judge Jones. I mean, I think Congress went in there with very specific language, with very technical terms, that Congress itself defined, and I think it was setting forth the requirements with that language. I don't think that the court should read that language into the statute. But another point I'd like to make about Chevron, Judge Jones, and Judge Hardiman is, and flesh this out in our reply brief, is the board wasn't acting in Ayala as if the statute were ambiguous. That is, the board itself hasn't found the statute to be ambiguous. It thought that the result it reached in Ayala was compelled by the statutory text. But it's your position that Ayala, the board, the immigration judge, and the Ninth Circuit in Hing Sim in 2010, all were wrong. That's correct, Judge Jones, that is our position. I think if I could, with respect to the Ninth Circuit's decision, I think with respect, I really do think that they made a mistake here, because the bit, looking at the text of the statute, the Ninth Circuit basically made two points. One was a textual point, and one was a policy point. The textual point was, well, if we accept the petitioner's reading in that case, that would render that admitted as an alien lawfully admitted for permanent residence clause, that would render, if we required it to require, we read that language to require compliance with, substantive compliance with the immigration in the stat, immigration status in the as clause, it would render the has previously been admitted clause completely superfluous. And that was the textual hook for the Ninth Circuit's textual reading of the statute. But as I think, as we discussed now, three courts of appeals have discussed the function of the has previously been admitted clause, and that has completely separate, independent meaning from what the board thought it did in Ayala, and what the Ninth Circuit thought it would have in Hing Sim, and all three of those courts found that as a matter of Chevron step one, that that was the way the statute should be read, and in fact, rejecting an invitation to defer to the board because it was ambiguous. Well, what if the ambiguity arises, and I think it's a corollary of what, excuse me, Judge Hardiman just asked you. What if the ambiguity arises not from the text, because looking at that phrase, has previously been admitted to the United States, as an alien lawfully admitted for permanent residence, on just looking at the text, it seems clear. However, in the application of it, again, as I asked one of the earlier litigants, you get a result which would suggest that Congress could not possibly have intended it, and that goes back to my first question where, excuse me, someone who comes in using fraud to get a visa or a forged passport is in a better position than someone who comes in honestly. If that is the result, to what extent should we focus on that in trying to inform ourselves of what Congress meant when they wrote that clause? Well, I guess a few points about that. First, Mr. Chief Judge, first, I think this court addressed a similar equal protection challenge in De Leon-Renoso, which we cite at page 7 in our reply brief, where that sort of same type of argument was made to try to support a claim that the distinction between lawful permanent residence and non-lawful permanent residence, that allowing non-lawful permanent residence to seek this relief effectively puts them in a better position than people who came in lawfully, and you know, Judge Rosen for the court said, look, you know, it's not good policy. It might be irrational. It might be unfair. It might be unwise, but it's the choice that Congress made, and there could be rational reasons for that decision. I thought you would cite to the circuit court cases that have said it's not an absurd result. Are you familiar with Lanier and, I mean, the Fifth Circuit, the Ninth Circuit, the Fifth and Eleventh of... It sounds a little odd, though, but they've conjured up some reasons why it might not be absurd. For example, in order to adjust to lawful permanent residence status, you might have been here for a long time. You might have extensive family ties, etc., etc. Is that your understanding? That's exactly right, Judge Hardiman. So... But here, I don't know how we don't find an ambiguity here when we read admitted, when we read the whole thing together. I mean, your argument seemed to very sort of strategically focus on lawfully admitted for permanent residence, and it didn't, it sort of avoided, correct me if I'm wrong, the previously been admitted part, because that seems to undermine your argument. What am I missing there? No, Judge Hardiman, I think we focused on the, we recognize that the has-previously-been-admitted cause has a function in the statute. That is, it requires that a person have previously been admitted to the United States. We acknowledge that, Mr. Martinez, in this case... And how does one get admitted? A person makes a, presents himself to an immigration officer at a border, and the immigration officer allows that person to enter the United States. So if you, if you enter without, if you enter without inspection, you're not admitted. That's exactly right, Judge Hardiman. Those folks that enter without inspection might try to adjust status, but they're not admitted. That, that they, a person who enters without inspection has not been admitted. Once they adjust status, that's, that's sort of a question that's percolating in before the board and the courts of appeals about whether that, an adjustment... It was percolating right here this morning. I don't know if you were here this morning, but... No, it wasn't, Judge Hardiman. But I think a point I do want to make about this sort of policy point, and I, what Congress was doing here, and I think the statutory, you know, the statute as a whole shows that, you know, basically Congress wanted to first, was dividing forms of relief between persons lawfully admitted for permanent residence and those who... I see my red light is on. Between, basically wanted persons, generally speaking, who are lawfully admitted for permanent residence to be able to seek cancellation of removal or 212C, relief in Saints here. And a person who does not have that status didn't mean that they weren't going to get any relief, but they were going to be forced to the 212H waiver, the 212I waiver. And in effect, I think what Congress was doing here is trying to balance the interest in, you know, removing persons, non-citizens with criminal convictions, preventing fraud, and balancing against the other policy interests of rewarding rehabilitation as in the provision, one of the provisions at issue in this case, and also preserving families. And I think Congress was trying to compromise between two competing interests, and this is the balance it struck. There are awkward results in certain circumstances in that time of major legislative compromise, but we think this is the balance they struck. Thank you. Your Honors, may it please the Court. I'm Stuart Nickham on behalf of the Attorney General. The Petitioner's Counsel correctly indicates that the sole issue in this case is whether or not the Petitioner falls within the meaning of that language in 212H, whether the Petitioner is an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence. The problem with the Petitioner's argument, though, is it essentially tries to separate out those two elements of the statute. The first portion, which deals with the word admission, which is specifically defined in the INA, has been defined as essentially involving a procedurally regular admission. Did the alien go through the ordinary process, have their passport stamped by an immigration officer? He did do that. Yes, yes. But it's a question of procedural regularity. And then the second element, which is more based on substantive, is the alien a lawful permanent resident? When you look at those two in context, is the alien somebody who has previously been admitted as an LPR? The focus is really on the type of admission that the person made, the status that they were granted entry under. It's not, is the Petitioner a lawful permanent resident? It's, was the Petitioner admitted as a lawful permanent resident? And somebody can be admitted as a particular type of, in a particular type of status, despite the fact that they're not actually eligible for that status. A person, I mean, a, a, in fact, you only know for sure until the Supreme Court adjudicates whether the determination that he was an LPR was correct. Essentially, yes, yes. That, that a person can, can gain entry to the United States, despite not being eligible to gain entry to the United States. And so this type of statute, where you have, you know, previously been admitted as an LPR, has to focus on what type of admission was the person, did the person make? Even if wrong. Correct, correct. Because DHS, or Immigration and Natural Resources, in 1991 admitted the Petitioner to the United States under the assumption that he was indeed an LPR. He'd been granted LPR status. Now, it subsequently was discovered that he was not eligible for that status because he failed to divulge the fact that he'd been, he pleaded guilty to a sexual assault offense a few months before. He was not an LPR. He has never been an LPR. He was never legitimately entitled to that status. But then there's something sort of logically impossible about that, though. You said he's never been an LPR, but you're telling us he was lawfully admitted as an LPR. I'm saying he was admitted as an LPR. In the same way, I mean, somebody who. So he was admitted as a logical impossibility because he was an ineligible ab initio. Well, no, no. I think that the fact of admission is separate from his eligibility for a particular status. Admission is an historical fact. Was he or was he not allowed to enter the United States? He was. He was allowed to enter the United States as a lawful permanent resident. Not because he actually was a lawful permanent resident, but because, again, he didn't disclose the fact it was something of a mistake in terms of allowing him to enter. But he was admitted as an LPR. But it says, the language, though, says lawfully admitted as, and he was. Well, no, no. The language of 212H says. He was unlawfully admitted or incorrectly or erroneously admitted as an LPR, right? The language of 212H does not say lawfully admitted. And in this respect, it's distinct from provisions like former 212C or cancellation of removal, I believe. The language of 212H in the waiver bar is, prohibits the AG from granting a waiver to an alien, quote, an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence. The previously been admitted doesn't have the lawful modifier. It's not a question of whether or not the petitioner was lawfully admitted. It's just a question of whether or not he was admitted. Without that previously been admitted language, you've got problems, right? It would be a very different case, yes, yes. And that previously been admitted is the critical language that takes this out of the realm of those other cases that have held that, you know, the phrase lawfully admitted for permanent residence, which again is defined in the INA, is substantive. Here we have that phrase, previously been admitted. It's a question of the historical fact. Was the petitioner admitted as a particular type of alien? And again, that is the critical language that distinguishes escapes from other cases involving the ULC, for example. So you're arguing that it would be the same as if it read has previously been admitted to the United States as a permanent, for previously admitted to the United States for permanent residence. Would that be the same? Yes. Previously been admitted for permanent residence. Yes, that would be the same. It focuses on the nature of the admission, not the substantive. So why did they put lawfully admitted into it? I'm sorry. Why did they put lawfully admitted into a phrase that would mean the same if it read admitted to the United States for permanent residence? Lawfully admitted for permanent residence is a term of art in the INA. It refers to a particular type of status. I mean, you can argue that it looks perfect. But the status is permanent residence though, isn't it? My apologies, Your Honor. I'm a little bit deaf. I have a little trouble hearing you. When you leave here, you'll probably be more deaf. Permanent residence is a status also, though, isn't it? I mean, yes. It could be admitted for a worker, for a student. It could be admitted for a lot of different kinds of status, having different statuses. Correct, correct. So if permanent residence is the status that you're admitted for, why does it say lawfully admitted for permanent residence instead of just previously admitted to the United States for permanent residence? Are you asking us to read the term lawfully out of that clause? No. No, Your Honor, I'm not. The term lawfully admitted for permanent residence is specifically defined in the INA. It's AUSC 101A20, INA 101A20. The term lawfully admitted for permanent residence is specifically defined. Could you give us that definition? Yes. It's the term lawfully admitted for permanent residence means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed. Now, that definition is substantive. It refers to an alien who actually is validly an LPR, a lawful permanent resident. But, again, it's a term of art that is used throughout the INA. I believe that's why it appears in 212H. The term permanent resident would, I think, have the same meaning, but it's more precise to use the term that is specifically defined in the INA. That's why I don't use it. You're saying that in accordance with immigration laws is what is the hook here, that creates the anomaly that I suggested would result with the petitioner's right. That phrase, the definition, in accordance with immigration laws, you're arguing, is the thing which keeps the anomaly that the petitioner is arguing for from happening because he's not lawfully admitted. Yes. That's what keeps the petitioner from actually being a lawful permanent resident. Because it's not in accordance with immigration laws. Correct. Correct. And that's what the board determined in this case in denying 212C relief, for example, is that the petitioner is not an LPR because he was not validly granted, he was not eligible for that status. But, again, that's a separate question. Is the petitioner an LPR? It's a separate question from was the petitioner admitted as an LPR? It was entitled to be. It was entitled to have the status which he clearly has. Yes. And I think if you, I think the court asked about Chevron and where we are in terms of Chevron Step 1 or Step 2, I would argue that we, that the statute is unambiguous, but I think we have a much easier argument in saying that it is ambiguous, but that the board's resolution of that is reasonable. And you get into the policy reasons why, that essentially the petitioner's argument that concealing your ineligibility for LPR status at the time you are awarded, whereas a person who, you know, comes into the country and actually is entitled to that status, is not going to be eligible for a 212H waiver, whereas somebody who conceals a criminal conviction, as in this case, conceals ineligibility, is somehow going to be in a better position than somebody who has followed the rules, if not correctly. And so, and I think that was one of the things the board pointed out in Ayala, and why the board's resolution, if you call this an ambiguity, and, again, I think we have a much easier argument in saying that it is ambiguous, not to concede the other issue, but the board's resolution of that issue, based on the policy reasons, you don't want to reward fraudulent conduct, and the Congress would not have sought to say, if you successfully conceal your ineligibility for LPR status, that you're somehow going to be in a better position than somebody who did follow the rules. And, again, that the reasonableness of the board's determination correctly takes that into account. There's no reason why the statute should be construed as saying that, should be construed in the administrator's favor in saying that concealing LPR status gives you eligibility for 212H. The two portions of the statute, again, there's two definitions, the admitted definition, which is procedural, and the LPR definition, which is more substantive, you have a statute with these two things, and in terms of properly made the more reasonable, took the more reasonable approach, that you focus on the admission definition, what's the nature of the admission made by the petitioner, in determining whether or not they're eligible for 212H status. The rest of the arguments, I think, are brief, unless there are further questions. So if you're not admitted, if you enter without inspection, then you don't need to meet the seven-year requirement, right? I'm sorry, you don't need to meet the seven-year requirement for? Well, I mean, it says no waiver shall be granted under this subsection in the case of an alien who has previously been admitted, as an alien lawfully Well, I think you're talking about the applicability of the waiver bar, though, which only applies to aliens who were admitted as LPRs. If you entered without inspection and were never adjusted. H doesn't apply to you, right? Correct. The eligibility bar in 212H does not apply. Right. Correct. So the seven-year would not be an issue. Okay. Thank you very much. Thank you, August. Shelley, did you reserve time? Yes, Your Honor. I just have two minutes. I know I did. We touched you. I'm going to stop asking the question that way, though. I hear you say, okay, we'll take that under advisement. Not ask for a lawyer to be up and say more. Go ahead. Just a few quick points in rebuttal, Your Honor. First, Chief Judge McKee, in terms of the substantive compliance component and the definition of lawfully admitted for permanent residence, I think there are a couple ways of getting there. Number one, the in accordance with the immigration laws way, and also the adverb lawfully, right before accorded. I think that also would get. Say the last thing again. The word and the definition of lawfully admitted for permanent residence means the status of having been lawfully accorded the privilege of residing. Right. So in terms of where you It's kind of circular because we're hung up on what lawfully means. Lawfully admitted, lawfully accorded the privilege of residing. The issue is whether or not does lawfully simply mean you comply with the procedures and get a status, or does it mean that you're substantively and legally entitled to the status that you get once you go through those procedures. That's the rub between us, and I'm not sure the definition advances that very much. Fair enough. Well, I think with respect to the lawfully admitted for permanent residence, the board itself has included that that term has only a substantive compliance component. Second, there's a little bit of, I just want to clarify our position, where we do sort of think that the statute imposes two separate conditions, a manner of entry condition and an immigration status condition. But we think Congress is the one that, Congress separated out those two requirements because it used the term previously admitted, which is its own concept, and Congress expressly defined that concept, and also the term lawfully admitted for permanent residence, which is a separate concept which Congress defined separately. So we think that Congress separated out those two requirements. Third, in terms of whether he was, he had the status of being lawfully admitted for permanent residence when he entered the United States, we think he was not. The board itself found that he never had that status. I thought the board found he was not eligible for that status, that he was erroneously granted that status. Nope. With respect, Judge Hardiman, at pages 7A and 8A of the appendix, volume one of the appendix in the bullet brief, it says he had never been lawfully admitted for permanent residence. He uses it two or three times in those two pages. He was never lawfully admitted. That's right, Judge. Thank you very much. Thank you. You're welcome. Excuse me. Take matter into advisement and you can reset.